# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MELINDA DAY as Wrongful Death Heir and Personal Representative of the Estate of ERNEST EVANS, JUSTIN FAIRHURST, FREDA FARRAR, MARK FARRELL, MARY FEDERICO as Wrongful Death Heir and Personal Representative of the Estate of LOUIS FEDERICO, STEVEN FEOLA, MARK FIELDS, WILLIE FISHER, SHAWREIKA FISHER, KEVIN FISTER, RONALD FITE, JANA FITZGERALD as Wrongful Death Heir and Personal Representative of the Estate of MARK FITZGERALD, LINDA PEEVYHOUSE as Wrongful Death Heir and Personal Representative of the Estate of JONATHON FORD, DUANE FRANTUM, THERESA FRASER, ALAN FREY, JANEVA FRISBY, STEVEN FROSTAD, JANIS FRYE as Wrongful Death Heir and Personal Representative of the Estate of RICHARD WAYNE FRYE SR., LYNNA FULTON, WARREN GAMBLE, LINDA WRIGHT as Wrongful Death Heir and Personal Representative of the Estate of MINNIE GAMBLE, EVAN GAMSU, JAMES GARDENHIRE, GEORGE GARDINER, JOSEPH GARDNER, DENNIS GARETANO, JOHN GARGAN, RODGER GARRETT, ROBERT GARRETT JR., JAMES GARRITY, DAVID GASKINS, STEFANIE GATES, PHILLIP GEORGE, PATRICIA GIEFER as Wrongful Death Heir and Personal Representative of the Estate of HERBERT GIEFER, JENNIFER GILBERT, DWAIN GLASCOCK, JIMMY GOFF, TINA NEUMANN as Wrongful Death Heir and Personal Representative of the Estate of LINDA GOLDEN, KARRIE GONZALES, JOSE GONZALEZ, BRENDA GONZALEZ, MICHAEL GONZALEZ, JEANNE GORDON, KENNETH GOSCILA, FREDERICK GRAFF, THOMAS GREEN, RICHARD GREENDONNER, ANGELA LAWLER as Wrongful Death Heir and Personal Representative of the Estate of HARRY GRIFFIN, DAVID GRIGSBY, JOHNATHON GRISGBY CROSS, MARY GROVES, PAUL GUARDADO,

Case No. 4:21-cv-00215

JURY TRIAL DEMANDED

MICHAEL HADAM, ROBERT HADDEN, INA HALL, CINDY HAMILTON, DAVID HAMILTON, HANNAH HAMMOND as Wrongful Death Heir and Personal Representative of the Estate of LARRY HAMMOND, MATT HANDRAHAN, ROBERT HANSEK, JONATHAN SETTLE as Wrongful Death Heir and Personal Representative of the Estate of JUDITH HANSON, ANTHONY HARBIN, WILLIAM HARMAN, BRUCE HARR, JAMES HARRISON, KAREN HARRISON as Wrongful Death Heir and Personal Representative of the Estate of LYNDON HARRISON, BRENDA HARVEY as Wrongful Death Heir and Personal Representative of the Estate of EDWARD HARVEY, LYNDA HASS, DONNA HAWES, DONALD HAWORTH, CANDACE HEE, CASSANDRA DEVEREAUX as Wrongful Death Heir and Personal Representative of the Estate of DAVID HENDERSON DEVEREAUX, WILLIAM HERNACKI, ROBIN HERRERA as Wrongful Death Heir and Personal Representative of the Estate of ALFONSO HERRERA, ANTHONY HICKS, DENISE GAFFNEY as Wrongful Death Heir and Personal Representative of the Estate of NATHAN HIGGINBOTHAM, RONALD HILKER, BRIAN HILL, HELEN HINES, MICK HOGAN as Wrongful Death Heir and Personal Representative of the Estate of TODD HOGAN, WILLIAM HOLLYFIELD, LANISHA GAMBLES as Wrongful Death Heir and Personal Representative of the Estate of TYRONNE HOLMES, STELLA HOMICKI, DIANN HORNE as Wrongful Death Heir and Personal Representative of the Estate of JOSIE HORNE, PRINCE HOUSTON, AMANDA HUEMILLER, JORGE HUERTA FLORES, CHRISTOPHER HUMPHREY, and SHAWN MCNEA as Wrongful Death Heir and Personal Representative of the Estate of CONSTANCE HUNDLEY,

Plaintiffs,

v.

MONSANTO COMPANY,

Defendant.

**MONSANTO COMPANY'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Monsanto Company ("Monsanto"), respectfully removes this mass action from the Twenty-Second Judicial Circuit Court for St. Louis City, Missouri, to the United States District Court for the Eastern District of Missouri. Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1453, Monsanto provides the following statement of grounds for removal.

This Court has jurisdiction over this mass action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). All substantive requirements for removal of a "mass action" under CAFA are satisfied because: (1) this action includes monetary relief claims of more than 100 plaintiffs; (2) the amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs; (3) each plaintiff's claim exceeds $75,000, exclusive of interest and costs; (4) there is minimal diversity of citizenship between the parties; and (5) plaintiffs allege that their claims involve common questions of law or fact. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 788-89 (8th Cir. 2012); *City of O'Fallon v. CenturyLink, Inc.*, 930 F. Supp. 2d 1035, 1040-41 (E.D. Mo. 2013); 28 U.S.C. § 1332(d)(2)(A), (6), (11)(A) & (B). As set forth below, the procedural requirements for CAFA removal also have been satisfied. For lawsuits removed pursuant to CAFA, there is no anti-removal presumption because Congress enacted CAFA to facilitate federal court adjudication of lawsuits within CAFA's scope. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89; *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).

## FACTUAL BACKGROUND

In this products liability lawsuit, more than 100 plaintiffs sue Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded – including as recently as January 2020 – that glyphosate does not cause cancer. Nevertheless, plaintiffs allege that they, or the individuals for whom they serve as representatives, developed cancer – specifically, non-Hodgkin's lymphoma ("NHL") – caused by exposure to Roundup®-branded herbicides. *See* Petition Introduction.[1]

The Petition purports to join the claims of over 100 plaintiffs who allege that they are citizens of the following thirty (30) states: Alabama, Arizona, California, Colorado, Connecticut, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, South Carolina, Tennessee, Texas, Utah, Virginia, Wisconsin, Wyoming. *See* Petition, "The Parties". Plaintiffs allege that their claims "arise out of the same series of transactions and occurrences," and "involve common questions of law and fact and share legal and medical issues. . . ." Petition

[1] This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation ("MDL") proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

Introduction. Plaintiffs assert the following causes of action against Monsanto: (1) strict liability (design defect); (2) strict liability (failure to warn); (3) negligence; (4) wrongful death and survival action (plaintiffs Melinda Day as Wrongful Death Heir and Personal Representative of the Estate of Ernest Evans, Mary Federico as Wrongful Death Heir and Personal Representative of the Estate of Louis Federico, Jana Fitzgerald as Wrongful Death Heir and Personal Representative of the Estate of Mark Fitzgerald, Linda Peevyhouse as Wrongful Death Heir and Personal Representative of the Estate of Jonathon Ford, Janis Frye as Wrongful Death Heir and Personal Representative of the Estate of Richard Wayne Frye Sr., Linda Wright as Wrongful Death Heir and Personal Representative of the Estate of Minnie Gamble, Patricia Giefer as Wrongful Death Heir and Personal Representative of the Estate of Herbert Giefer, Tina Neumann as Wrongful Death Heir and Personal Representative of the Estate of Linda Golden, Angela Lawler as Wrongful Death Heir and Personal Representative of the Estate of Harry Griffin, Hannah Hammond as Wrongful Death Heir and Personal Representative of the Estate of Larry Hammond, Jonathan Settle as Wrongful Death Heir and Personal Representative of the Estate of Judith Hanson, Karen Harrrison as Wrongful Death Heir and Personal Representative of the Estate of Lyndon Harrison, Brenda Harvey as Wrongful Death Heir and Personal Representative of the Estate of Edward Harvey, Cassandra Devereaux as Wrongful Death Heir and Personal Representative of the Estate of David Henderson Devereaux, Robin Herrera as Wrongful Death Heir and Personal Representative of the Estate of Alfonso Herrera, Denise Gaffney as Wrongful Death Heir and Personal Representative of the Estate of Nathan Higginbotham, Mick Hogan as Wrongful Death Heir and Personal Representative of the Estate of Todd Hogan, Lanisha Gambles as Wrongful Death Heir and Personal Representative of the Estate of Tyronne Holmes, Diann Horne as Wrongful Death Heir and Personal Representative of

the Estate of Josie Horne and Shawn McNea as Wrongful Death Heir and Personal Representative of the Estate of Constance Hundley); and (5) loss of consortium (spouse-Plaintiffs Mary Federico, Jana Fitzgerald, Janis Frye, Patricia Giefer, Hannah Hammond, Karen Harrison, Brenda Harvey, Robin Herrera, Diann Horne). *See id.* ¶¶ 168-241.

## THE SUBSTANTIVE AND PROCEDURAL REQUIREMENTS FOR CAFA REMOVAL HAVE BEEN SATISFIED

### I. The Substantive Requirements For CAFA Removal Have Been Satisfied.

All substantive requirements for removal of a "mass action" under CAFA are satisfied because this action: (1) includes monetary relief claims of more than 100 plaintiffs; (2) the amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs; (3) each plaintiff's claim exceeds $75,000, exclusive of interest and costs; (4) there is minimal diversity of citizenship between the parties; and (5) plaintiffs allege that their claims involve common questions of law or fact. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89 (2014); *Hargis*, 674 F.3d at 788-89; *City of O'Fallon*, 930 F. Supp. 2d at 1040-41; 28 U.S.C. § 1332(d)(2)(A), (6), (11)(A) & (B); *see also Smith v. Monsanto Co.*, Case No. 16-md-02741-VC, 17-cv-02142-VC (N.D. Cal. July 8, 2019), Pretrial Order No. 156: Denying Motion to Remand in *Smith v. Monsanto Co*. (attached as **Exhibit B**) (denying motion to remand under CAFA in case in Roundup® MDL).

First, the Petition purports to join the claims of over 100 plaintiffs asserting claims for monetary relief under their respective state laws. This lawsuit involves 105 plaintiffs claiming damages for NHL and in some instances, death, allegedly caused by exposure to Roundup®-branded herbicides. Petition, "The Parties" & Counts I-VII. Because this action involves more than 100 plaintiffs seeking monetary relief, it qualifies as a "mass action" under CAFA for removal purposes. *See* 28 U.S.C. § 1332(d)(11)(A) & (B).

Second, plaintiffs seek to try their claims jointly on the ground that the claims arise out of the same series of transactions and occurrences," and "involve common questions of law and fact and share legal and medical issues. . . ." Petition Introduction. Thus, the requirement of Section 1332(d)(11)(B)(i) is also satisfied.

Third, CAFA's minimal diversity requirement is also satisfied. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) ("Under that requirement [minimal diversity of citizenship between the parties], a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant'" and that "same rule applies to mass actions" (quoting 28 U.S.C. § 1332(d)(2)(A)). The Petition alleges that nearly all of the plaintiffs are residents and citizens of states other than Missouri or Delaware, and nearly all decedents were residents and citizens of states other than Missouri or Delaware before and when they died. Petition, "The Parties". Defendant Monsanto is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Missouri. *Id.* at ¶¶ 91 ("The Parties") & 96 ("Joinder and Venue"). Thus, Monsanto is a citizen of the States of Delaware and Missouri. *See* 28 U.S.C. § 1332(c)(1). Because at least one plaintiff is a citizen of a state other than Missouri and Delaware (in fact, here ***almost all*** of the plaintiffs are citizens of states other than Missouri and Delaware), CAFA's minimal diversity requirement is easily satisfied. 28 U.S.C. § 1332(d)(2)(A).

Fourth, CAFA's amount-in-controversy requirement also is satisfied because the aggregate amount in controversy exceeds $5 million, and each plaintiff's claim exceeds $75,000. Specifically, plaintiffs seek aggregate damages in excess of $10 million. Petition ¶¶ 186, 207, 214, 229, 233, 237, 241. Here, the Petition seeks to recover damages (including but not limited to damages for physical pain and discomfort, death, economic hardship, and financial expenses

for medical care and treatment) in connection with numerous plaintiffs' alleged development of cancer. *See, e.g.*, Petition ¶¶ 168-241.

Although Monsanto denies any liability to plaintiffs, it is plausible from the face of the Petition that each plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, given the nature of the injuries alleged (cancer and death). *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (in assessing the amount-in-controversy requirement, a court can "make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim"). In fact, other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

## II. The Procedural Requirements For CAFA Removal Have Been Satisfied.

Monsanto has also satisfied the procedural requirements for removal of this "mass action" pursuant to CAFA. On December 8, 2020, plaintiffs filed their Petition captioned *Melinda Day as Wrongful Death Heir and Personal Representative of the Estate of Ernest Evans, et al. v. Monsanto Company*, in the Twenty-Second Judicial Circuit Court for the City of St. Louis, Missouri, Case No. 2022-CC10457 (Mo. Cir. Ct. St. Louis City) ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Petition served upon Monsanto in the State Court Action (and other filings available from the state court's files) are attached collectively as **Exhibit A.**

Monsanto was served with the Petition on January 25, 2021. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it was filed within thirty (30) days after

receipt by Monsanto, through service or otherwise, of a copy of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b)(1).

Venue is proper in the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1446(a), because the State Court Action was filed in the Circuit Court for St. Louis City, which is located within the Eastern District of Missouri, Eastern Division. Therefore, venue is proper in this District because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

Finally, a copy of this Notice of Removal is being served upon counsel for plaintiffs, and a copy will be filed contemporaneously in the State Court Action.

WHEREFORE, Defendant Monsanto respectfully removes this action from the Twenty-Second Judicial Circuit Court for the City of St. Louis, Missouri, Case No. 2022-CC10457, to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1453. In doing so, Monsanto reserves all rights to assert any and all defenses or otherwise respond to the operative Petition. Monsanto further reserves its rights to amend or supplement this Notice of Removal.

DATED: February 19, 2021

Respectfully submitted,

By: /s/ Erik L. Hansell

Erik L. Hansell, #51288
HUSCH BLACKWELL LLP
The Plaza in Clayton
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
erik.hansell@huschblackwell.com

Gregory S. Chernack
(*pro hac vice* motion to be filed)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
gchernack@hollingsworthllp.com

***Attorneys for Defendant Monsanto Company***

**CERTIFICATE OF SERVICE**

I certify that on this 19th day of February 2021, I electronically filed the foregoing Notice of Removal with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the Notice of Removal was caused to be served upon the following counsel via United States mail:

Christopher L. Schnieders
Napoli Shkolnik, PLLC
6731 W. 121st Street, Suite 201
Overland Park, KS 66209

*Attorneys for Plaintiff*

/s/ *Erik L. Hansell*